**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5001**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

PATRICK CORNELIUS DAVIS,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00155-NCT-1)

Submitted:  April 21, 2011                Decided:  May 5, 2011

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON & LAWSON, LLP, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Cornelius Davis appeals his 120-month sentence and conviction, following a jury trial, of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). On appeal, Davis argues that the district court should have granted his motion to suppress a firearm that officers seized from his car during a traffic stop. Finding no reversible error, we affirm.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the government, the prevailing party below. Id.

Pursuant to the Fourth Amendment, a warrantless search of a vehicle is per se unreasonable, subject to several well-delineated exceptions. Arizona v. Gant, 129 S. Ct. 1710, 1716 (2010). One exception is the plain view doctrine, under which police may seize evidence in plain view if "(1) the seizing officer is lawfully present at the place from which the evidence can be plainly viewed; (2) the seizing officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent." United

2

States v. Williams, 592 F.3d 511, 521 (4th Cir. 2010) (internal quotation marks omitted); see also Boone v. Spurgess, 385 F.3d 923, 927-28 (6th Cir. 2004).

Because the officers were performing a lawful traffic stop when one of them observed the grip of a firearm protruding from underneath the driver's side floor mat as the officer looked into the vehicle, the weapon was within reaching distance of a front seat passenger, and the firearm's incriminating character as a concealed weapon was immediately apparent, see N.C. Gen. Stat. § 14-269(a1) (LexisNexis 2009), we hold that the plain view doctrine applies. Consequently, the officers were authorized to seize the firearm without a warrant. Davis's contention that the search was barred under Gant is without merit, as the gun was in plain view, not discovered during a search incident to arrest. See 129 S. Ct. at 1719. Therefore, the district court properly denied Davis's motion to suppress.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3